UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KUANG-BAO P. OU-YOUNG,<br><br>   Plaintiff,<br><br>   v.<br><br>STATE OF CALIFORNIA, et al.,<br><br>   Defendants. | Case No. 25-mc-80316-AMO<br><br>**ORDER RE PRE-FILING SCREENING, DISMISSING COMPLAINT**<br><br>Re: Dkt. No. 1 |

Plaintiff Kuang-Bao P. Ou-Young seeks to file a complaint alleging civil rights claims against federal court staff, state judges, and other government officials. Dkt. No. 1. Ou-Young has been declared a vexatious litigant and is subject to two pre-filing review orders. *See Ou-Young v. Roberts*, No. C-13-4442, 2013 WL 6732118, at *1-3 (N.D. Cal. Dec. 20, 2013) ("1st Pre-Filing Order"); *Ou-Young v. Stone*, No. 19-cv-07000, 2019 WL 6619879, at *9 (N.D. Cal. Dec. 5, 2019) ("2d Pre-Filing Order"). The question of whether Ou-Young may file this Complaint was referred to the undersigned as the current Duty Judge. Having reviewed the Complaint, as well as the two pre-filing orders, the Court **DISMISSES** the Complaint with prejudice.

**I.   BACKGROUND**

Ou-Young's extensive litigation history in the Northern District of California has been well-documented and does not warrant repeating here in full. *See Ou-Young v. Nixon*, No. 5:25-MC-80161-BLF, 2025 WL 2255041, at *1 (N.D. Cal. June 24, 2025) (summarizing, "over the past fifteen years, Plaintiff has filed or attempted to file over fifty actions in this district, as well as numerous others in state court."). The 1st Pre-Filing Order requires Ou-Young to obtain leave of court before filing "any further suits alleging any violations of the federal criminal statutes, pursuant to 18 U.S.C. § 1512(b), 18 U.S.C. § 1512(c), and 18 U.S.C. § 371, and the FTCA,

codified at 28 U.S.C. § 2671 et seq., involving parties that he named in the current case." *Roberts*, No. 13-cv-04442, Dkt. No. 40.  The 2d Pre-Filing Order requires Ou-Young to obtain leave of court before "filing any complaint that alleges claims against federal judges, including United States Supreme Court justices, federal circuit judges, federal district judges, federal magistrate judges, and federal bankruptcy judges." *Stone*, 2019 WL 6619879, at *9.

On October 9, 2025, Ou-Young filed the Compliant now under consideration, advancing eight claims against 29 defendants.  Ou-Young names attorneys in the United States Attorney's office for this District, including Patrick Robbins, Pamela T. Johann, Jeffrey D. Nedrow, Jevechius D. Bernardoni, and Kelsey J. Helland.  Compl. ¶¶ a.2-6.  Ou-Young names several California Superior Court judges, including Judge Thomas J. Nixon, Judge Karin Schwartz, Judge Jenna M. Whitman, Judge Rebekah Evenson, Judge Michael M. Markman, Judge Keith Fong, Judge Han N. Tran, Judge Elizabeth K. Lee, Judge Nancy L. Fineman, and Judge Susan L. Greenberg.  Compl. ¶¶ a.7-16.  Ou-Young names the State of California, the State Bar of California, former Governor Edmund G. Brown, Jr., former President Joseph R. Biden, Jr., and FBI Special Agent Sanjay Virmani.  Compl. ¶¶ a.17-18, a.24, a.25.  Finally, Ou-Young names the Clerk of Court for the Northern District of California, Mark B. Busby, as well as several of his staff, Cynthia G. Hernandez, Kenneth R. Perez, and Steven Chilton.  Compl. ¶¶ a.20-23.

All of Ou-Young's claims rest on a theory of conspiracy to interfere with civil rights under Title 42 U.S.C. § 1985.  Compl. ¶ b.1.  In essence, he claims that each group of Defendants conspired to "deny plaintiff the First Amendment right to petition the government for a redress of grievances, due process of law as well as equal protection of the laws under the Fourteenth Amendment, and the Seventh Amendment right to a jury trial." *See* Compl. ¶¶ c.1-5.  Ou-Young contends through his claims that several provisions of the California Code of Civil Procedure violate the United States Constitution.  *Id.*  Finally, Ou-Young advances that the "composition of the board" of the State Bar of California violates the constitutional doctrine of separation of powers, and the Bar's role in investigating and prosecuting attorney discipline violates the Equal Protection clause of the Fourteenth Amendment.  Compl. ¶ c-6.

## II. DISCUSSION

### A. Legal Standard

"Federal courts can 'regulate the activities of abusive litigants by imposing carefully tailored restrictions under . . . appropriate circumstances.' " *Ringgold-Lockhart v. Cnty. of Los Angeles*, 761 F.3d 1057, 1061 (9th Cir. 2014) (quoting *De Long v. Hennessey*, 912 F.2d 1144, 1147 (9th Cir. 1990)). Under the All Writs Act, 28 U.S.C. § 1651(a), " 'enjoining litigants with abusive and lengthy [litigation] histories is one such . . . restriction' that courts may impose." *Id.* (quoting *De Long*, 912 F.2d at 1147).

### B. Compliance with Pre-Filing Orders

As noted above, the 1st Pre-Filing Order requires leave of court before Ou-Young may file "suits alleging any violations of the federal criminal statutes, pursuant to 18 U.S.C. § 1512(b), 18 U.S.C. § 1512 (c), and 18 U.S.C. § 371, and the FTCA, codified at 28 U.S.C. § 2671 et seq." *Roberts*, No. 13-cv-04442, Dkt. No. 40 at 16-17. In this case, however, Ou-Young's Complaint only alleges violations of Title 42 U.S.C. § 1985. Compl. ¶ b.1. Because Ou-Young's claims do not arise under Title 18 U.S.C. §§ 1512(b), 1512(c), 371, or the FTCA, his claims do not fall within the scope of the 1st Pre-Filing Order.

The 2d Pre-Filing Order applies to cases involving federal judges. *Stone*, 2019 WL 6619879, at *9. Here, Plaintiff names as Defendants several government officials in the U.S. Attorney's Office for the Northern District of California, numerous state court judges, the State Bar of California, the Clerk and Deputy Clerks of the U.S. District Court for the Northern District of California, former President Joseph R. Biden, Jr., and a government employee from the San Francisco Field Office of the Federal Bureau of Investigation. Compl. ¶¶ a.2-25. Thus, because the Complaint before the Court does not involve federal judges, the case does not fall within the scope of the 2d Pre-Filing Order.

Accordingly, Ou-Young's claims here do not fall within the scope of either of the pre-filing orders.

3

### C.     Frivolousness

Although Ou-Young's claims fall outside the scope of the pre-filing orders, the Court turns to consider whether the Complaint is frivolous. *See Ou-Young v. Robbins*, No. 25-MC-80234-TLT, 2025 WL 2772692, at *3 (N.D. Cal. Sept. 29, 2025). The Court may dismiss a complaint as frivolous if the complaint lacks any legal or factual basis. *See Cato v. United States*, 70 F.3d 1103, 1107 (9th Cir. 1995) (holding complaint that lacks arguable basis in law or fact is "frivolous") (citing *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)). Dismissal without leave to amend is proper when amendment would be futile. *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011).

Here, Ou-Young's first four claims arise out of the dismissal, stay, or termination of his state court lawsuits. Compl. ¶¶ c.1-4. Ou-Young alleges in general terms that in resolving these cases, the judges conspired to deprive him of his constitutional rights. *Id.* However, state court judges are subject to judicial immunity. *See Mireles v. Waco*, 502 U.S. 9, 9, 11 (1991) (holding "a judge is immune from a suit for money damages" and "judicial immunity is not overcome by allegations of bad faith or malice"); *Howard v. Drapkin*, 222 Cal. App. 3d 843, 851 (Cal. Ct. App. 1990) ("The concept of judicial immunity is long-standing and absolute. . . . It bars civil actions against judges for acts performed in the exercise of their judicial functions."). Indeed, Ou-Young's Complaint concedes that the state judge Defendants are immune from suit. See Compl. ¶¶ c.1-4 ("state judges have acted under color of judicial immunity."). Because his first four claims arise out of state court proceedings and state court judges are immune from suit, Ou-Young's first four claims lack a legal basis. Accordingly, Ou-Young fails to state a cognizable claim against the state judge Defendants.

Ou-Young's claims against the remaining Defendants fail for similar reasons. The Defendants he names are subject to immunity for their official actions. *See Bogan v. Scott-Harris*, 523 U.S. 44, 55 (1998) (holding Governors immune from civil liability for legislative functions); *Lapides v. Bd. of Regents of Univ. Sys. of Georgia*, 535 U.S. 613, 616 (2002) (holding that Eleventh Amendment "grants a State immunity from suit in federal court"); *Kohn v. State Bar of California*, 87 F.4th 1021, 1023 (9th Cir. 2023) (holding State Bar an arm of the state and entitled

4

to Eleventh Amendment immunity). Though Ou-Young's fifth claim alleges that the creation of the California State Bar and the passage of the vexatious litigant statute, California Code of Civil Procedure § 391, violates his constitutional rights, the Defendants he names are subject to immunity for these actions. See *Tenney v. Brandhove*, 341 U.S. 367, 377 (1951) ("Legislators are immune from deterrents to the uninhibited discharge of their legislative duty."); *Jones v. Allison*, 9 F.4th 1136, 1140 (9th Cir. 2021) (same); *Bogan v. Scott-Harris*, 523 U.S. 44, 55 (1998) (holding Governors immune from civil liability for legislative functions). Accordingly, Ou-Young cannot state a cognizable claim against Defendants Edmund G. Brown, Jr., the State Bar of California, or the State of California.

Ou-Young also does not allege any facts about former President Biden's role in a conspiracy violating his civil rights. *See* Compl. ¶¶ c.1-6. Even if he had, such claims are not cognizable because current and former presidents of the United States remain "entitled to absolute immunity from damages liability predicated on [their] official acts." *Nixon v. Fitzgerald*, 457 U.S. 731, 749 (1982). Accordingly, Plaintiff cannot state a cognizable claim against former President Biden for actions taken in his role as President.

To the extent that Ou-Young's claims against federal prosecutors are based on official actions they took in criminal proceedings, those Defendants are covered by prosecutorial immunity. *See Heinemann v. Satterberg*, 731 F.3d 914, 918 (9th Cir. 2013) (noting that prosecutorial immunity protects a prosecutor for "his decision to initiate a prosecution"); *Herb Hallman Chevrolet, Inc. v. Nash-Holmes*, 169 F.3d 636, 642-43 (9th Cir. 1999) (holding prosecutors immune from suit for investigative activities). Finally, all federal employee Defendants are protected by qualified immunity so long as "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982) (citation omitted). Ou-Young's Complaint does not allege any conduct that violates clearly established statutory or constitutional rights beyond conclusory legal statements. *See* Compl. ¶¶ c.1-6.

Ou-Young's Complaint also fails to allege facts about the involvement of the remaining federal employee defendants, beyond conclusory allegations of "conspiracy" leading to dismissal

of one of his state cases. Compl. ¶ c.4. On this basis alone, the claim is not cognizable. *See Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (holding "threadbare recitals of a cause of action's elements, supported by mere conclusory statements" insufficient for cognizable claim). Additionally, to the extent that Ou-Young's claims involve the actions of federal court personnel that are part of the judicial process (such as flagging the Complaint for pre-filing review), court personnel have absolute quasi-judicial immunity for this conduct. *Mullis v. United States Bankr. Court*, 828 F.2d 1385, 1390 (9th Cir. 1987) ("Court clerks have absolute quasi-judicial immunity from damages for civil rights violations when they perform tasks that are an integral part of the judicial process.") (citation omitted). Accordingly, Ou-Young fails to state a cognizable claim against Defendants Mark B. Busby, Cynthia G. Hernandez, Kenneth R. Perez, and Steven Chilton.

For these reasons, the Court finds none of Ou-Young's claims cognizable. *See Cato*, 70 F.3d at 1107. Because the Court finds the claims frivolous, the Court dismisses Ou-Young's Complaint without leave to amend. *See Ou-Young v. Cnty. of Santa Clara*, No. 23-cv-80051, 2023 WL 2721020, at *1 (N.D. Cal. Mar. 17, 2023), appeal dismissed, No. 23-15473, 2023 WL 6622302 (9th Cir. July 5, 2023) (dismissing Plaintiff's initial complaint where claims "do not fall within the scope of either of the two vexatious litigant orders" but "frivolous allegations" against state judges with judicial immunity warrant dismissal). Moreover, leave to amend would be futile given Defendants' immunity. *Cervantes*, 656 F.3d at 1041.

### III. CONCLUSION

For the foregoing reasons, the Court **DISMISSES** Plaintiff's Complaint without leave to amend. The Clerk of Court shall close the case.

**IT IS SO ORDERED.**

Dated: October 14, 2025

**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**